BLD-279                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4462
_____

KENNETH WILLIAMS,
                                        Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 12-cv-07203)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 23, 2015

Before: AMBRO, JORDAN and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 29, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Kenneth Williams appeals the District Court's order denying his petition filed pursuant to 28 U.S.C. § 2241. For the reasons below, we will summarily affirm the District Court's order.

The procedural history of this case and the details of Williams's claims are well known to the parties, set forth in the District Court's thorough opinion, and need not be discussed at length. Briefly, Williams filed a § 2241 petition in which he argued that his federal sentence should be credited with time spent in state custody. The District Court denied the petition, and Williams filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). The District Court determined that Williams was not entitled to any prior custody credit because he received credit for the time at issue towards a state sentence. As explained by the District Court, under 18 U.S.C. § 3585(b) a defendant can only receive credit towards a federal sentence for prior custody "that has not been credited against another sentence."

On appeal, Williams does not dispute that the time at issue was credited towards his state sentences. Rather, Williams argues that his federal sentence was intended to run concurrently with his state sentence. However, pursuant to 18 U.S.C. § 3584(a), a federal sentence runs consecutively to other terms of imprisonment imposed at a different time unless the sentencing court orders otherwise. Here, the sentencing court did not order the

federal sentence to run concurrently. As Williams points out, the sentencing court did state that Williams should receive credit for time spent in federal custody. However, it also noted that it was not a matter it could resolve. These remarks at the end of the sentencing hearing do not show an intent to give Williams the prior custody credit at issue here or run the federal sentence concurrently with the state parole violation sentence. Nor does the language in his criminal judgment that he was sentenced to "120 Months with Credit for Time Served on Federal Charges" show such an intention. The time at issue was served on the state charges and not the federal ones. The District Court did not err in denying the petition.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's October 23, 2014 order. See Third Circuit I.O.P. 10.6.